## Ellis v. Dunsworth, Administratrix, etc.

1. *Contracts—Sale of Real Estate by Agent.*—Appellee approached appellant with a view of inducing him to list his real estate with his agency for sale. He was told that the farm was not for sale, in the sense that he was hunting a buyer, but like other people, he had a price, and that if any one came along and offered him that price he would sell it. That he had held his farm at thirty dollars an acre. Appellee said in reply, "Will you place your farm in my hands to sell?" to which he replied, "No sir! I am capable of transacting my own business, and so long as that condition continues, I do not want to employ any man to transact it for me. It is my farm, and I propose whatever there is in it, to make, and if you make anything out of the sale of my farm, you must make it out of the other fellow." Appellee afterward advertised the farm in a paper owned by him, and by personal solicitations, endeavored to effect a sale, etc; took a man into his office, talked the matter over, told him it was a bargain, etc. The man went to appellant and bought the farm at $31 per acre; upon the trial the jury found for appellee, for the amount. *Held,* that the evidence was sufficient to support the verdict.

**Memorandum.**—Action of assumpsit. Appeal from a judgment rendered by the Circuit Court of Hancock County; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892, and affirmed. Opinion filed June 26, 1893.

O'HARRA, SCHOFIELD & HARTZELL, and W. H. MEAD, appellant's attorneys.

APPELLEE'S BRIEF, SHARP & BERRY BROS., ATTORNEYS.

The jury are the judges of the weight the evidence is entitled to receive, and unless their verdict is clearly wrong, it will not be disturbed. Goodell v. Woodruff, 20 Ill. 192; The City of Elgin v. Riordan, 21 Brad. 600; Chicago & R. I. R. R. Co. v. Hutchens, 34 Ill. 108; Howitt v. Estelle, 92 Ill. 218. Where the evidence is conflicting and the jury are properly instructed as to the law of the case, their verdict must be regarded as settling the controverted fact. Powers v. Cavenaugh, 17 Brad. 77; Kightlinger v. Egan, 75 Ill. 141.

Where an agent is employed to sell real estate, and such agent produces a person who ultimately buys the property, the agent is entitled to his commissions, although the trade may have been consummated by the owner of the property. Arrington v. Cary, 5 Baxter, 609; Monroe v. Snow, 131 Ill. 126; Plant v. Thompson, 16 A. S. R. 512; 42 Kan. 664.

In Tyler v. Parr, 52 Mo. 249, the court say: "The law is well established that in a suit by a real estate agent for the amount of his commission it is immaterial that the owner sold the property and concluded the bargain. If, after the property is placed in the agent's hands, the sale is brought about, or procured by his advertisements and exertions, he will be entitled to his commissions. Sussdorff v. Schmidt, 55 N. Y. 319; Williams v. Leslie, 111 Ind. 70; Bell v. Kaiser, 50 Mo. 150; Armstrong v. Wann, 29 Minn. 126; Lloyd v. Matthews, 51 N. Y. 124.

OPINION OF THE COURT, PLEASANTS, J.

Appellant owned a farm of 160 acres, near Augusta, where he resided, in Hancock County, and the deceased published a newspaper and carried on the business of a real estate agent at Plymouth, some five miles distant. About the middle of August, 1891, deceased called on appellant and asked if his farm was for sale, to which appellant replied no, not in the sense that he was hunting a buyer or advertising it, but that it was like other people's property, he supposed, that he had a price on it and if any one came along and offered him that price, he would sell. Being asked what that price was, he answered, $30 an acre, at that time. Deceased then asked him if he would put the land in his hands to sell, and was answered flatly, no; that he was capable of transacting his own business and wanted no assistance. Deceased then remarked that he couldn't make anything out of it in that way. Appellant told him that it was his farm and he proposed to make whatever there was to make. He then said "if you make anything at all you will have to make it out of the other fellow."

Deceased then went off and in a few days brought a man

who he said was willing to give $31 per acre for it, and asked appellant to take him up and show it. He did so and says: "I showed him all its advantages and did my best to assist Mr. Dunsworth in effecting a sale to that man, and intending that if he effected that sale he would make $1 on each acre, making $160 * * * and I should have allowed it without a word." The man asked a week's time to reflect. Appellant told him that he didn't care to give him a minute, that if he wanted to trade with Mr. Dunsworth, he could. But seeing that Dunsworth was anxious he should have the time asked, he gave it, and said to the man "if no one came and offered more, the farm would be there at that price, one week from to-day."

The man did not return nor make the purchase. Deceased advertised the farm in his paper, sending several numbers containing the advertisement to appellant, and by personal solicitation endeavored to effect a sale. Some parties he took to the farm, and others he directed and sent there to examine it, but they were not induced to buy. At length, early in October, he saw Reuben Powell, took him into his office, talked up the matter with him, told him the farm could be bought for about $5,000 and was a bargain, and getting nothing definite from him on that occasion, asked him to come again the next day, offering to show it to him, etc. Powell did not say whether he would or would not come. He did not come, but went and looked at the farm, and then went to appellant and bought it of him directly, for $31 per acre, making a purchase on the 16th of October, 1891. Dunsworth, having learned the fact, called on him for the $160, and being refused, brought this suit before a justice of the peace, and in the trial on appeal obtained a verdict and judgment for the full amount claimed.

It is conceded that the instructions to the jury, which were given orally by consent, were proper and fair; but appellant insists there were two errors, for either of which the judgment should be reversed, viz.: First, the refusal to set aside the verdict for want of evidence sufficient to support it, and second, the exclusion of one item of evidence offered for the defendant.

We infer from the argument that the findings claimed to be so unsupported are, that deceased was authorized by appellant to render service in procuring a purchaser, and that he was in fact instrumental in procuring the purchase by Powell.

As to the first, it is said that according to the testimony of both the parties, appellant distinctly and peremptorily refused to give him such authority; and it is true that they do not differ materially as to what was said in the conversation between them, which was what deceased relied on as evidence of his right to act and be compensated as broker. The account of it above given is that of appellant, and as we think, shows that the refusal was only of the authority or agency asked, and that was an agency to find a purchaser at the price of $30 per acre. He wanted no broker or agent to get that price and take a portion of it for commissions, but had no objection nor reason to object to the services of a broker to get it and his commissions from the purchaser. It could make no difference to appellant whether he got them as commissions, directly from the purchaser, or from the price obtained in excess of that which he, appellant, was content to receive. Dunsworth's statement of that conversation, while substantially the same as that of appellant, somewhat more clearly shows an understanding that he was authorized to find a purchaser upon those terms.

The testimony of young Dr. Ellis, son of appellant, who heard the conversation, tends to show that he so understood, and appellant's statement that he did his best to "assist Dunsworth" in effecting a sale to the man he first presented, and would have allowed him the excess if it had been effected, is evidence strongly tending to show he also understood it the same way. The testimony of Dunsworth is, that with that understanding on his part, he advertised the property for sale in his paper and made the efforts he did to find a purchaser. We think this evidence was quite sufficient to support the finding that he was authorized by appellant so to do.

Upon the other question, Powell testified, as a witness for

appellant, that " probably what Dunsworth said might have had some weight," and the circumstances seem to show it had.  Residing in the neighborhood, in McDonough County, he had known this farm in a general way for years, and had been informed, perhaps a month before his conversation with Dunsworth, that it was for sale; but it does not appear that he knew anything about the price at which it was held or had looked at it with any view of buying it.  He told Dunsworth at the beginning of their conversation, that he had sold his farm, but did not know that he would purchase another—that he guessed he would go west—and then inquired about another, the Bickford farm; but after the talk he did go to see the Ellis farm, and within two weeks bought it.  Appellant did not find him nor in any way communicate with him.  If anybody but Dunsworth, or anything but his solicitation induced him to look at and buy it, the fact does not appear.  We are therefore of opinion that there was evidence on which the jury might well find that he was efficiently instrumental in procuring that purchase.

Appellant having said that he had advanced the price, was asked by his counsel to state the value of the lands around there when he sold, as compared with what it was when Dunsworth first came to see him; to which an objection by plaintiff was sustained.  That ruling is the other error assigned.

The only object of the testimony offered was to show that he had not advanced the price capriciously, without some reason founded on the actually enhanced market value of lands generally in that neighborhood.  But the question was not one of reason for making an advancement, but of his right to make it, under the circumstances, as against Dunsworth.  He knew that Dunsworth had been and was endeavoring to find a purchaser at a price exceeding $30 per acre, with the understanding that if he effected it, he was to have the excess for his compensation; and yet he did not offer to show, nor is it claimed that he gave him any notice of any advancement.  If Dunsworth was not authorized to find a purchaser upon those terms, or

did not find one, appellant's right to make the advancement was absolute, and the reason for it therefore immaterial; and if he was so authorized and did find him, appellant had no right to make it without notice to him, for the reason referred to, or any other. In either case it was immaterial. We see no error in the ruling. Judgment affirmed